IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                            Case Nos.:   1:08cr14/RS/GRJ
                                                            1:11cv162/RS/GRJ

BRANDON TERRELL STEVENSON

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or

correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law.

(doc. 268.)  The Government has filed a response (doc. 271) and Defendant filed a

reply. (doc. 94.)   After a careful review of the record and the arguments presented, it is

recommended that the § 2255 motion should be denied.

## PROCEDURAL BACKGROUND[1]

Defendant was charged in one count of a three count indictment with conspiracy

to distribute and possession with intent to distribute more than five (5) kilograms of

cocaine and more than fifty (50) grams of cocaine base in violation of 21 U.S.C. §

841(b)(1)(A)(ii) and (iii). (doc. 1.) Two co-defendants were charged with separate counts

of possession of a firearm in furtherance of a drug trafficking crime. (*id*.)   The

Government filed a § 851 notice advising of its intent to seek enhanced penalties. (doc.

43.)  In that notice, it identified three prior felony drug convictions and noted that as a

---

[1] Detailed statements of facts describing the offense conduct are set forth in the
Statement of Facts signed by the parties at the time of Defendant's guilty plea (doc. 101),
and the Presentence Investigation Report (doc. 207) and will be set forth herein only as
necessary.

result of these convictions Defendant would be subject to a minimum mandatory sentence of life imprisonment. (doc. 43.)

Represented by appointed counsel Geoffrey Mason, Defendant entered a plea of guilty before Magistrate Judge Allan Kornblum pursuant to a written plea agreement and statement of facts. (docs 100–101.) Both the plea agreement and the statement of facts expressly state that Defendant admitted that the conspiracy involved the specific amounts of crack and powder cocaine charged in the indictment. The plea agreement also expressly noted that Defendant faced a sentence of not less than life imprisonment. (doc. 100 at 2.) [2]

The Presentence Investigation Report ("PSR") was disclosed to the defense on December 22, 2008. (doc. 119.) Defendant's base offense level was 34, and as there were no adjustments, his total offense level was also 34. (doc. 207, PSR ¶¶ 21–29.) Defendant's criminal history category was VI. (PSR ¶¶ 44–46.) Although the applicable guidelines range was 262 to 327 months because the statutorily required minimum mandatory sentence was life imprisonment that sentence became the guideline sentence. (PSR ¶ 81–82.)

Sentencing was continued four times to allow Defendant to continue his attempts to cooperate with the Government and to accommodate a conflict with counsel's state court schedule. (docs. 124, 125, 129, 130, 144, 146, 165, 166, 174, 175.) On October

---

[2] The applicable term of supervised release was erroneously identified as "a minimum term of Life." (doc. 100 at 2.)

30, 2009, Defendant – who did not receive a § 5K1.1 motion – was sentenced to a term of life imprisonment. (docs. 201, 202.)

Defendant appealed, arguing that his plea of guilty was not knowingly and voluntarily entered because he was not properly advised that he would be sentenced to a mandatory life sentence. (doc. 258 at 4.)  He requested the Court to vacate his conviction and allow him to withdraw his plea. (*id*.)  The Eleventh Circuit found that there was no error because the record reflected that Defendant "knew he was subject to a mandatory life sentence." (*id*. at 5.)  In support of its conclusion, the Eleventh Circuit pointed to the Government's filing of the § 851 notice, the plain language of the plea agreement, which Defendant admitted under oath that he had read, the magistrate judge's explanation during the plea colloquy of the sentence Defendant faced, and Defendant's affirmation that he understood the penalty he faced as described by the magistrate judge. (*id*. at 6.)  The Eleventh Circuit specifically found that counsel had told Defendant that he would be facing a life sentence if he did not receive a § 5K1.1. (*id*. at 8.)  Because Defendant had not shown that, even if the requirements of Rule 11 had not been met, there was a reasonable probability that he would not have entered the plea had he known about the life sentence, the Eleventh Circuit affirmed Defendant's conviction. (*id*. at 9.)

In the present motion, Defendant claims that counsel failed to tell him that the Government had filed the information pursuant to 21 U.S.C. § 851 and therefore his guilty plea was unconstitutional.  The Government opposes the motion.

# LEGAL ANALYSIS

## *General Standard of Review*

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  Nyhuis, 211 F.3d at 1343

(quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998);  McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."  Lynn, 365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055).   Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."  Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."  Lynn, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.  See Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  Massaro v. United States, 538 U.S. 500, 503 (2003); *see also* United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010).  The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  Strickland v. Washington, 466 U.S. 668, 686 (1984).  To show a violation of his constitutional right to counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  Strickland, 466 U.S. at 686; Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013).  Strickland's two part test also applies to guilty pleas.  Hill v. Lockhart, 474 U.S. 52, 58 (1985).  A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial.  *Id.* at 59.  In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.  Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence.  *See* Chandler v. McDonough, 471 F.3d 1360, 1363 (11th

Cir. 2006) (citing <u>Drew v. Dep't of Corr.</u>, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring

to "our clear precedent establishing that such allegations are not enough to warrant an

evidentiary hearing in the absence of any specific factual proffer or evidentiary

support"); <u>Hill v. Moore,</u> 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an

evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner

must proffer evidence that, if true, would entitle him to relief.")); <u>Ferguson v. United</u>

<u>States</u>, 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous

claims, conclusory allegations unsupported by specifics, or contentions that are wholly

unsupported by the record.  <u>Peoples v. Campbell</u>, 377 F.3d 1208, 1237 (11th Cir.

2004); <u>Tejada</u>, 941 F.2d at 1559; <u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th

Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than

conclusory allegations do not warrant a hearing.  <u>Lynn</u>, 365 F.3d at 1239.

### ***Defendant's claim for relief***

Defendant contends that defense counsel was constitutionally ineffective

because counsel failed to inform him that the Government had filed a notice of prior

convictions pursuant to 21 U.S.C. § 851 indicating its intent to seek an enhanced

sentence in this case.  Defendant further asserts that counsel misinformed him when

Defendant specifically asked whether this notice had been filed.  Defendant states that

as a result he was "[u]naware that he was facing a life sentence upon a guilty plea," and

therefore his "plea cannot be considered valid." (doc. 265 at 13.)

A claim concerning Defendant's alleged ignorance about his sentencing

exposure when he entered his plea is essentially a recharacterization of the claim that

was raised and resolved against Defendant on direct appeal.  As such he is not entitled

to relief.

Furthermore, even if the court accepts for sake of argument that counsel's

performance was deficient because counsel misinformed Defendant about whether the

Government had filed a § 851 notice as stated in Defendant's affidavit (doc. 265 at 17),

Defendant cannot show prejudice.  As the record reflects, and as confirmed by the

Eleventh Circuit, Defendant was aware of the sentence he faced before he formally

entered his guilty plea.  The plea agreement specifically provided that Defendant's

sentence would be enhanced based on his prior felony drug convictions. (doc. 100 at

2.)  Whether he knew about the filing of the actual § 851 notice which led to this

sentencing exposure is inconsequential.  He admitted he had read and signed the plea

agreement (doc. 250 at 3, 6), which contained the pertinent information.

Finally, Defendant argues that he would not have entered a guilty plea without

any tangible benefits. (doc. 265 at 14.)  The plea agreement, however, provided

Defendant with the opportunity for a tangible benefit:  the opportunity to cooperate with

the Government.  Had Defendant's cooperation risen to the level of substantial

assistance before sentencing, the Government would have filed a § 5K1.1 motion,

potentially leading to a significant sentence reduction.  The record reflects that

Defendant was actively attempting to cooperate with the Government, and sentencing

was delayed several times in order for Defendant to attain the level of cooperation

needed to secure the benefit of such a motion.  Ultimately, however, no §5K1.1 motion

was filed.  The reason for this, as stated by Defendant's attorney at sentencing, was

that Defendant "violated the terms of his plea agreement by making a communication to an individual, basically telling him not to engage in drug activities, which caused the Government to believe that he would no longer be someone that could go out and engage in narcotics interdiction or other help for them." (doc. 252 at 6.)  Thus, it was Defendant's own behavior which led to him losing the only valuable benefit he could have received from entering into the plea agreement.  This is not a basis to withdraw his plea, and Defendant's claim is due to be denied.

## Conclusion

For all of the foregoing reasons, the court concludes that Defendant has failed to show that he is entitled to vacate or withdraw his guilty plea or that an evidentiary hearing is warranted.  Therefore Defendant's § 2255 motion should be denied.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 265) should be **DENIED**.

2. A certificate of appealability should be **DENIED**.

 **IN CHAMBERS** at Gainesville, Florida, this 4th day of November, 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### <u>NOTICE TO THE PARTIES</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**